May it please the Court, my name is Scott Vigneault and my co-counsel, Saira Aguilar and I, are students at the UC Davis School of Law Immigration Clinic. We represent the petitioner, Bernardo Alva Salado, as pro bono counsel under the supervision of Professor Holly Cooper. Ms. Aguilar and I will be discussing different portions of the petitioner's argument. I will discuss jurisdiction and whether the government has met its burden of proof. Ms. Aguilar will discuss whether California Penal Code Section 288A constitutes an aggravated felony. We would like to reserve two minutes for rebuttal. As a preliminary matter, jurisdiction has properly vested in this Court. This Court retains jurisdiction over mixed questions of law and fact, and the question of whether documents submitted by the government satisfy the applicable standard of proof is a mixed question of law and fact, as set forth in Vertuta. Further, Mr. Salado has exhausted all of his administrative remedies. This Court's precedent is clear that claims addressed on the merits by the Board are deemed exhausted. Can you help me understand how your client exhausted the historical question of whether he was convicted? Now, in your brief, you sort of bounced back and forth between the historical question of whether he had a conviction and the legal question of whether that conviction constituted an aggravated felony. But focusing only on the historical question, his brief to the BIA concedes that he was convicted of that crime. So how do we say that that issue of whether he was convicted, the historical, not legal question, was considered, was fairly raised to the BIA? Yes, Your Honor. I'll address the issue of the historical question first, and that is whether the issue was raised. And this Court in Vizcarra-Ayala stated that exhaustion can be attained through two means. One is by raising the issue generally, and then the second is when the Board addresses the issue on the merits. And in this case, the Board expressly affirmed the IJ's rationale that the documents presented by the government were sufficient, in fact. With respect to the ---- And so what language specifically are we talking about? Just so I make sure I am focusing on the right language. I'll direct the Court's attention to the administrative record at page 3, where the Board states, based on the record before us, we agree with the immigration judge that the Respondent is subject to removal from the United States as having been convicted of an aggravated felony under Section 101A, 43A of the Act within the meaning of the Ninth Circuit law, based on the Respondent's conviction record submitted in this case. And they direct the reference, Exhibit 3, which contains the conviction record. I guess I'm having trouble understanding how that is a specific reasoning on the question of whether the documents were sufficient to establish that he had been convicted of that offense. Because it wasn't contested before the BIA, they're just stating a fact as opposed to adjudicating a dispute on that issue. So help me understand how that is evidence or indicates that the BIA was adjudicating a dispute that wasn't before, that was never raised to them. The BIA was adjudicating. Well, to begin, the Petitioner denied the allegation that he was convicted before the immigration judge. And so when the ---- But then he didn't raise it to the BIA. He just rolled on. He said, okay, so he was convicted of 288A, but that doesn't constitute an aggravated felony. But the Board of Immigration Appeals chose to address the issue on the merits, which is, which is, satisfies this Court's exhaustion. Okay. So that language that you just read to me, that's the evidence that the BIA addressed it on the merits? That's your position? That's correct. Okay. Thanks. All right. The government in this case has presented, with respect to sufficiency, has presented three documents as evidence that the Petitioner was convicted of PC-288A. All three of these documents fail to meet the clear, convincing, and unequivocal burden of proof that's required to demonstrate the existence of a conviction. I'll direct the Court's attention specifically to the minute order, which contains several defects. I think the problem here was everybody at one point seemed to be confused. That is, they thought there were three counts under 288A, and in fact, there were two under 288 and one under 290. And I think that's the dispute that was never really clarified. That's correct, Your Honor. And the immigration judge raised this question before the trial attorney in the immigration court and stated, is this your contention, that there are three charges for 288A? And the immigration answered in the immigration attorney or the trial attorney answered in the affirmative. Unfortunately, there's no connection on the minute order between the charges that exist at the top of the minute order that don't correspond with the criminal complaint and any finding of guilt. There's no plea present on the minute order. The portion of the document that would normally contain the count referencing a specific portion of the penal code is left blank and simply a sentence exists. And to conclude that charges that exist can somehow we can somehow infer that that equals a conviction or that the Petitioner was convicted under 288A is essentially drawing an impermissible inference and does not establish clearly, convincingly or unequivocally that the Petitioner was convicted under 288A. And if Your Honors have no further questions, I'd like to pass the argument to my partner. Very well. Thank you. Okay. May it please the Court. My name is Syed Aguilar and I am co-counsel for the Petitioner. You have to move the mic a little closer to you. Okay.  Thank you. Mr. Salado's alleged conviction for California Penal Code 288A is not an aggravated felony neither under Estrada or Medina Via. 288A is not an aggravated felony under Estrada for the stated reasons in Mr. Salado's brief. But in the interest of time, I'd like to spend my time arguing that even under Medina Via, 288A is not an aggravated felony because it's overbroad, because it doesn't require a finding of abuse. Since Barone Medina was just to back up for a moment, so Medina Via actually held that Section 288A is categorically sexual abuse of a minor. So are you asking us to distinguish Medina Via, which I'm not sure how we could do that? Well, under – there's been subsequent cases after Medina – after Barone Medina, which did held that the use of a minor per se is sexual abuse of a minor. The – this court has held in Rebillias that where there is no touching of a minor or if the minor's not aware of the defendant's improper motivation or intent, that there is no psychological or physical harm as is required in Barone Medina. And under 288A, the touching of a minor and the intent – the minor doesn't even have to be aware of the lewd intent of the defendant. And the reasoning behind Rebillias would apply in this case because in People v. Lopez, the court held that there doesn't need to be a touching between the defendant and the minor and that the defendant doesn't even have to be in the same room where the defendant is. The court also stated that even if the touching or the conduct seems innocent, it still constitutes – it still falls within 288A. It seems to me you're – you seem to be arguing a modified categorical approach in your language. Yes. But so – but your argument, I thought, initially was that it didn't categorically qualify the statute. It doesn't – And so the question is under Medina via, if we were to write a decision saying Medina via doesn't apply, how would we write that? If the definition of Medina via stated, I would – the petitioner's argument would be that Estrada is a controlling definition for sexual abuse of a minor because there can't be two generic definitions. That's contrary to Supreme Court President and Taylor, which the underlying theory in that case was that there must be a uniform definition that doesn't depend on the state crime at issue. So you're arguing that we ought to overrule the case? Our position would be that if the Court finds that Medina via is still good law, that there is a conflict between these two cases, and the appropriate approach for this Court would be to call for an en banc review. All right. You have about a little less than a minute left. Do you want to save it for a bottle? Yes, Your Honor. Thank you. Thank you. Good morning. May it please the Court. Brianna Strickley on behalf of the Respondent, the Attorney General of the United States. For over a decade, this Court has held that the specific provision in question today, California Penal Code 288A, constitutes sexual abuse of a minor under the definition of aggravated felony in the Immigration and Nationality Act, or the INA. The petition for review should be dismissed because the Court's longstanding precedent that the California conviction for lewd and lascivious acts upon a child under the age of 14 is an aggravated felony, categorically. Finally, to the extent that petitioner argues that their attempt to challenge the fact of the conviction under 288A, this Court lacks jurisdiction because they failed to exhaust that issue in the first instance to the Board, which they were required to do. So what do we make of the Board decision when it refers to the language that counsel cited? I mean, it seems to me that the Board actually did reach that decision. Well, you know, I think that to a certain extent they had to reach that because it's put in the cart before the horse. You can't say that someone, that 288A isn't an aggravated felony if you're not dealing with the fact of whether a person was convicted. The problem is in this case. Let me stop you there. If the Board reached the issue, then why isn't it exhausted for our purposes? Well, the INA requires that, and this Court has held that, has to be specifically raised. In the essence in which it was, the vein in which it was raised, it was uncontested. It was, in fact, you know, if you're going to look to see if something was exhausted administratively, you would look to the notice of appeal and to the Board, the brief to the Board. Under both of those, there's no mention of any challenge to the proof of the conviction or the sufficiency of the documents for proving the proof of the conviction. I thought the Petitioner all along denied he was convicted of that. And the waiver came through, if there is one, came through a legal brief that he, before the IJ, said I wasn't convicted of that. And, in fact, the sentence that he got doesn't really reflect 288A. It reflects 290, right? Well, as far as the documents are concerned, we don't even reach those documents until we determine whether or not this claim was exhausted. And, you know, to the Board. Right. But let's assume for the sake of argument that it is exhausted. Okay. What's your position on the documents? If this Court does find that this issue was somehow exhausted, the Court must remand this issue to the Board to determine in the first instance whether these documents prove the conviction. It's important to keep in mind. What's your best argument that they do? For the exhaustion purposes? Well, for several reasons. One, if you look on the face of the documents, it's nowhere in the notice of appeal. It's nowhere in the brief to the Court. No, I'm sorry. We're – I probably confused your question. Let's assume that the issue is exhausted, and let's assume that we're going to reach it and not remand it. What's the government's best argument that the documents provide clear and convincing evidence that he was convicted of the crime? Okay. I will answer your question, but just to preserve our position. No, you know, I understand your position. Our best argument would be that there is proof of the conviction, and adequate proof of the conviction in the record. And that's for a particular reason that both the INA and its implementing regulations, 1229A, C3b, as well as 1003.41d, which is the catch-all provision, allow – they basically govern what evidence, you know, constitutes a proof of a conviction. And under the catch-all provisions that were implemented for the agency, the standard is that any evidence that reasonably indicates the existence of a conviction may be admissible. In this case, we have a post-conviction relief pleading. It's very hard from a common-sense approach and where this provision governs to say that there was no conviction when there is a post-conviction pleading in there that has a date stamp to the court, that was submitted with a signature to Petitioner's Counsel, which contains the following evidence. Under the petition concerns, it – just to direct you in the point of the record, this is on 158 and 59. But what do you – what document are you specifically talking about? Specifically, we're discussing the writ for habeas corpus, the petition for the writ of habeas corpus. This petition concerns – You're talking about a writ that was submitted by counsel? Yes. It was submitted and it's in the record based off of the fact that Petitioner's Counsel kept asking for continuances of the immigration proceeding to seek this post-conviction relief under, I imagine, the assumption of the argument that, you know, if the conviction didn't stand, then, you know, he would have an argument against the government that he wasn't removable. But – so this document was submitted as proof of reasons why a continuance should be granted. It's in the record. It's, you know, submitted by Petitioner. It has the signature of counsel. So on his behalf. I'm sorry, what? On his behalf. Correct. So what's your best case that indicates that a brief submitted by an attorney for a defendant or petitioner constitutes an admission of the crime that would bind us? We've dealt with that in different contexts, and I don't think we have a case that says a briefing alone constitutes the kind of document that we would rely on under the Shepard and Taylor analysis. I am unaware of a specific case that deals with this exact factual setting, but I would also like to reiterate to the panel that it's important, you know, these cases get confusing, but it's important to keep in mind that we're dealing with two different tracks here. The first track is that a petitioner has to prove, well, that there's the fact that he was convicted in the first place. And the second track is whether or not that specific conviction constitutes an aggravated felony. Let me ask you about that, because I was struggling with that a little bit. For the historical fact, we're just looking at 1229AC3B. Is that correct? So we're not looking at Taylor and Shepard in that sort of analysis. Exactly. Exactly. We don't get to the creature of Taylor, Shepard, Snellenberger. We don't even reach that, because we are just determining the one thing of whether or not he was convicted of 288A. And again, this claim has not been exhausted by petitioner. If this Court did find that, then we would need to remand for the board to determine it. Well, let me go back to exhaustion. So in his brief, and I agree with you, it's not artful. But the conclusion says, based on the foregoing facts, laws, and arguments, DHS has failed to establish by clear and convincing evidence that he was and is removable and by reason of the statute. I mean, why isn't that raising the issue? He's saying I wasn't convicted and you didn't prove it. I can understand the Court's concern with that. But, I mean, if you think about it and maybe analogizing it to asylum would be helpful. You know, you're talking about an overarching umbrella claim here. So, for example, in, you know, asylum, you have to prove past persecution and a well-founded fear of future persecution. If petitioner, if, you know, let's say the IJ found that petitioner failed to establish both of those, but on the appeal to the board, petitioner only challenged the well-founded fear, this Court wouldn't hold that there's a potential. But he says here, and I understand your position, is that he didn't specifically challenge the documents and so forth. I get that. But he does say I'm challenging my conviction. You didn't prove it by clear and convincing evidence and goes back and he says what they have to do. And then the board says based on the record before us, not on the law, but on the record before us, we agree with the immigration judge that responded as subject to removal as having been convicted of the aggravated felony. So what's wrong with that in terms of preserving the issue? And I'm not arguing with you. This is one of the issues that concerns me on exhaustion. Because, you know, you get a lot of pro se pleadings in immigration court. We've generally held that if you raise the issue sufficiently so the board can rule on it, that's the touchstone, the board knows what it's doing, then it's exhaustive. So here, just bear with me for a second, he raises a generic claim. This is his claim. I wasn't convicted of this. He didn't prove it. And the board says we looked at the record and, yes, you were. So why isn't that exhaustive? Well, you know, obviously one major distinction is he's not pro se. He was represented. No, I understand. Right. Well, I mean, I think it's an important distinction. You have legal counsel who has been in the immigration proceeding, who's challenged it in the immigration proceedings. He's privy to this. Right. This is a statutory issue that really turns on the board's interpretation of its own regulation. This must be exhausted. It's separate than, you know, any type of conglomerate claim that they could possibly raise. He has to prove the fact of the conviction. And to not do that would deprive, you know, DHS in this instance to be able to come back and say, well, we disagree that these documents are sufficient for these reasons. So, for example, they could be arguing what I'm arguing. Deprive DHS from doing it. I mean, that was the challenge, wasn't it? Well, you know, if they were to just have proof by clear and convincing evidence. So he put on his evidence. There's no dispute as to what the evidence is. But, you know, in response to that, though, it's the vein in which this came up was that Petitioner's counsel wasn't challenging this. It wasn't a contested fact at the point of the board. What, in your view, would the Petitioner have had to do to put this issue of the historical fact of conviction before the BIA? You know, I think it would be very simple. I think it would just be a simple challenge. It could even be one sentence that just says, you know, that these documents, you know, challenging the sufficiency or that he — that DHS didn't prove that the documents were — something referencing what they — you know, Petitioner raised in their brief to this board. The problem is that, you know, counsel was appointed at this stage, and now they're doing a 180 before this Court. And, you know, the INA and the exhaustion requirement clearly prohibits that. And Congress — Congress mandated that when it drafted the INA in that — in that particular way. I see that my time is up, so may I briefly — No, no. Finish your thought, though. Go ahead. Well, just in the essence, that was Congress's intent, and that this exhaustion requirement is mandatory and is jurisdictional, and Petitioner simply has not exhausted. Because the only issue that's properly raised before this Court is whether or not 288A is an aggravated felony under the INA. And this Court has a longstanding precedent of holding that it is. The petition for review should be dismissed. Thank you. Thank you. With respect to the issue of exhaustion, Petitioner again contends that the issue has been properly exhausted. The — although raised inarfully, as Your Honor mentioned, the board did rule on the sufficient evidence to prove up the existence of a conviction. Second of all, with respect to the issue of waiver, waiver is not jurisdictional. And waiver also, as Tocatli has held, that the government, by not raising the issue of waiver, can waive waiver. Further, there are two exceptions, both of which apply in this case. One exception to waiver is that if the issue is one of law, which in this case it is, whether or not the government has met its burden of proof. And second, if there is no prejudice to the Court. In this respect — How can the question of whether or not they met the burden of proof be an issue of law? The question is whether the undisputed fact of the documents themselves apply to the burden of proof that the government must meet under statute. That's the question of law. And further, both of these exceptions to waiver are met. With respect to the admission itself, the Supreme Court in S.E.C. v. Chenery held that the reviewing court is bound by the rationale that's provided by the agency. In this case, the rationale provided by the agency was that the documents were sufficient. This Court, under S.E.C. v. Chenery, can't look to whether there may have been a more adequate basis for finding removability. A more adequate basis to prove the conviction may have been an alleged admission, but in this case, the Board did not rule on that point. What's your position on their request that if we find exhaustion, we remand it? If this Court finds exhaustion, we would contend that under the modified categorical approach, still this — the Petitioner's alleged conviction is not an aggravated felony, but if this Court decides it needs to remand in order to let the Board properly address it, then that's a potential avenue for relief as well. Thank you, counsel. The case has heard will be submitted. I want to thank you for your pro bono representation of this client, and I want to thank you for coming out from D.C. for the argument. The case has heard will be submitted for decision.
judges: Restani, Thomas, Ikuta